UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE PARISIENNE,<br><br>                         Plaintiff,<br><br>  - against -<br><br>BEASLEY MEDIA GROUP, INC.<br><br>                         Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Theodore Parisienne ("Parisienne" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Beasley Media Group, Inc., ("Beasley" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of an injured man who was struck by the subway after robbing a 13-year-old of his IPhone, owned and registered by Parisienne, a New York based photojournalist. Accordingly, Parisienne seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Parisienne is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 159 Martin Luther King Jr. Place, 2nd Floor, Brooklyn, New York 11206. Parisienne's work has appeared in many publications around the country.

6.      Upon information and belief, Beasley is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 3033 Riviera Drive, Naples, Florida 34103. At all times material hereto, Beasley has owned and operated the websites at the URLs: www.v1019.com, www.power98fm.com, www.995qyk.com, and www.wild941.com (the "Websites").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.      Parisienne photographed a man being lifted up into an ambulance after being struck by a train after stealing a teenagers Iphone (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Parisienne then licensed the Photograph to the New York Daily News. On April 5, 2016, the Daily News ran an article that featured the Photograph on its web edition entitled, *Man struck by train in Queens after running onto tracks*. See http://www.nydailynews.com/new-york/queens/man-struck-subway-train-queens-rush-hour-article-1.2588933. Parisienne's name

was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Parisienne is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph is registered with the United States Copyright Office and given registration number VA 2-023-503.

### B. Defendant's Infringing Activities

11. Upon information and belief, Beasley ran four different articles on the Websites entitled *Thief Struck By a Train Right After Stealing a Teen's iphone*. See http://v1019.com/2016/04/06/thief-struck-by-a-train-right-after-stealing-a-teens-iphone/, http://power98fm.com/2016/04/06/thief-struck-by-a-train-right-after-stealing-a-teens-iphone/, http://995qyk.com/2016/04/06/thief-struck-by-a-train-right-after-stealing-a-teens-iphone/, http://wild941.com/2016/04/06/thief-struck-by-a-train-right-after-stealing-a-teens-iphone/. The articles prominently featured the Photograph. A true and correct copy of the articles are attached hereto as Exhibit B.

12. Beasley did not license the Photograph from Plaintiff for its articles, nor did Beasley have Plaintiff's permission or consent to publish the Photograph on its Websites.

13. Upon information and belief, Beasley removed Parisienne's gutter credit on all the Websites.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BEASLEY)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Beasley infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Websites. Beasley is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Beasley have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BEASLEY**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published in an article in New York Daily News, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

22.     Upon information and belief, Defendant copied the Photograph from the New York Daily News article which contained copyright management information, and pasted the Photograph onto the Websites without the copyright management information.

23.     Upon information and belief, Beasley intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

24.     The conduct of Beasley violates 17 U.S.C. § 1202(b).

25.     Upon information and belief, Beasley's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Beasley intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Beasley also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

27.     As a result of the wrongful conduct of Beasley as alleged herein, Plaintiff is entitled to recover from Beasley the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Beasley because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28.     Alternatively, Plaintiff may elect to recover from Beasley statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Beasley be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Beasley be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs.

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
April 3, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Theordore Parisienne*
